An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOHN CARRICO, BAR NO. 755.

No. 68879

FILED

DEC 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney John Carrico. Under the agreement, Carrico admitted to violations of RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 1.5 (fees).[1]

The agreement provides for a stayed six-month suspension with a two-year probation period during which Carrico must (1) complete ten hours of continuing legal education (CLE) on communication or law office management in addition to the minimum CLE requirements set forth in SCR 210; (2) not engage in the solo practice of law; (3) obtain a

---

[1]The plea agreement includes a violation of RPC 8.4 (misconduct) on count 5 in the stipulation of facts, but it appears from the transcript of the formal hearing and the hearing panel's written findings, conclusions, and recommendation that the panel declined to find a violation of RPC 8.4.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-39471

mentor approved by bar counsel to monitor his practice of law to ensure that active cases are handled in an appropriate manner and provide quarterly reports to bar counsel; (4) refund $2,500 to the client identified in count 3 of the complaint; (5) refund $1,500 to the client identified in count 6 of the complaint; and (6) pay a $1,000 fine.[2] Carrico also agreed to pay the costs of the disciplinary proceedings excluding bar counsel and staff salaries. If Carrico successfully completes probation, he will receive a public reprimand.

Based on our review of the record and considering the aggravating factor related to Carrico's prior disciplinary record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a stayed six-month suspension. Carrico shall be on probation for two years from the date of this order and shall comply with all conditions of probation as set forth above. If he successfully completes probation, the State Bar shall issue a public reprimand in substantially the same form as the exhibit attached to the hearing panel's findings, conclusions, and recommendation. Additionally, Carrico shall

---

[2]The fine does not appear in the plea agreement provided in the record. However, the transcript of the formal hearing is clear that Carrico agreed to the fine and the fine is included in the hearing panel's recommendation.

pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within one year from the date of this order.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                   Douglas

_____, J.          _____, J.
Cherry                        Gibbons

_____, J.
Pickering

SAITTA, J., dissenting:

I would reject the conditional guilty plea agreement because the agreed-upon discipline is not sufficient.

_____, J.
Saitta

cc:    Chair, Southern Nevada Disciplinary Board
       Michael J. Warhola, LLC
       Stan Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, United States Supreme Court